**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ORLANDO L. HARRIS,

    Plaintiff,

SERVICE PROFESSIONALS, INC.,

    Plaintiff-Appellant,

v.

FARMERS INSURANCE EXCHANGE,
d/b/a Farmers Insurance Group of
Companies; FIRE INSURANCE
EXCHANGE, d/b/a Farmers Insurance
Group of Companies,

    Defendants-Appellees.

No. 01-6371
(D.C. No. CIV-99-986-T)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **ARMIJO**,[**]
District Judge.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable M. Christina Armijo, United States District Judge, District of New
Mexico, sitting by designation.

On July 9, 1999, Orlando L. Harris and Service Professionals, Inc. ("SPI") filed a complaint in the United States District Court for the Western District of Oklahoma naming as the defendant Farmers Insurance Group of Companies. The action was based on alleged racial discrimination by the defendant "in the making and awarding of contracts as prohibited by 42 U.S.C. § 1981." On October 27, 1999, the defendant filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In that motion the defendant alleged that the complaint did not contain "sufficient facts" and only contained "conclusory allegations." The district court on February 17, 2000, granted defendant's motion and dismissed the complaint, granting the plaintiffs leave to file an amended complaint.

On February 25, 2000, the plaintiffs filed a second amended complaint against the Farmers Insurance Exchange d/b/a Farmers Insurance Group of Companies and Fire Insurance Exchange d/b/a Farmers Insurance Group of Companies. In that complaint, Orlando L. Harris was described as an African American and SPI as an Oklahoma corporation, which was wholly owned by Harris and other African Americans and was engaged in cleaning and restoring properties damaged by fire or water. The defendants were described as insurance companies doing business in Oklahoma. In the complaint, the plaintiffs stated that the action was based on racial discrimination by the defendants in "the making and awarding of contracts as prohibited by 42 U.S.C. §§ 1981 and 1985." In the complaint the plaintiffs then went on to set forth an extended "Statement of Facts,"

upon which their action was based. In so doing, the plaintiffs alleged that the defendants used a "vendor selection process which involves both the direct hiring of vendors to do repair work on properties the Defendants have insured and which also involves the referral or suggestion that Defendants' insured hire certain vendors to perform covered repairs." In connection therewith, the plaintiffs further alleged that "defendants have regularly retained and referred to its insureds, vendors owned and operated by Caucasians which non-minority vendors perform the same kinds of services offered by the plaintiffs [and that] [t]hese referrals are made by the Defendants unequally and preferentially to Caucasian-owned businesses." The complaint stated that the defendants were thus guilty of race discrimination in the making of contracts in violation of 42 U.S.C. § 1981 and that they had later "retaliated" against the plaintiffs "for the filing of this lawsuit in violation of both 42 U.S.C. § 1981 and 42 U.S.C. § 1985." In connection with their allegations of "retaliation," the plaintiffs alleged in paragraphs 11 and 12 of their amended complaint as follows:

> 11. Further Defendants had invited the Plaintiffs to demonstrate their eligibility for approval as preferred vendors. Plaintiffs provides such information and Defendants specifically stated that Plaintiff's "responses were most impressive." Defendants then acknowledged that Plaintiff's company was identified "as one that meets many of our requirements," requested further information and promised an interview. Plaintiffs submitted all requested information and met all requisites for approval but after the filing of this lawsuit in federal court alleging race discrimination against the Defendants, Defendants refused to consider Plaintiffs' application, refused to approve Plaintiffs, failed to interview

the Plaintiffs or even to notify Plaintiffs of Defendants' decision.

12. Such actions were in retaliation for Plaintiffs having made such complaint of racial discrimination and having filed this action.

The defendants on March 9, 2000, filed an answer to the amended complaint, and thereafter on January 11, 2001, filed a motion for summary judgment. On August 10, 2001, after hearing, the district court granted defendants' motion for summary judgment and entered judgment in their favor, the court being of the view that no material facts were in genuine dispute and that the defendants were entitled to judgment as a matter of law. Plaintiffs appeal.

Evidentiary matter before the district court when it entered summary judgment for the defendants, which consisted of various depositions and affidavits, indicated that prior to December 1, 1999, the defendants did not negotiate, hire or enter into any contracts with third party vendors, such as SPI, to render services to its insureds who had suffered damages which were covered by insurance policies issued them by the defendants. However, as a part of their adjusting services, the defendants would inspect the damaged property, determine whether the property involved a covered claim, work with their insured to value the loss suffered to the damaged property, and, when asked, would recommend vendors to repair or replace the damaged property. In this regard, as previously mentioned, the plaintiffs in their second amended complaint alleged that defendants had "regularly retained and referred to its insureds, vendors owned and

operated by Caucasians which non-minority vendors perform the same kinds of services offered by the plaintiffs, [and that] [t]hese referrals are made by the defendants unequally and preferentially to Caucasian-owned businesses."  (SPI's claim in this regard is referred to herein as SPI's "discriminatory referral claim.")

Other evidentiary matter before the district court indicated that in 1998, the defendants began to implement a plan referred to by the parties as "Dependable Property Repair Program" ("D.P.R.P."), which program would allow, *inter alia,* pre-approved vendors' estimates and repair of certain selected losses up to $10,000.00 without inspection by defendants' claims representative.  However, under that plan it would still be  the insured's decision as to whether to use the vendor approved list under D.P.R.P. or some other vendor not on the approved list.

As indicated, plaintiffs filed their original complaint on July 9, 1999.  Shortly thereafter, the defendants sent out invitations to possible vendors who might wish to be included on the D.P.R.P. list of approved vendors.  Of the 106 vendors solicited, 46 vendors responded, including plaintiffs.  During October, 1999, defendants interviewed 39 of the 46 responding companies, including plaintiffs.  About this point in time, defendants determined to select only general contractors for its D.P.R.P. program, since there were sufficient qualified general contractors who met the "best of the best" criteria. Five companies were initially selected and entered into contracts with defendants as vendors under D.P.R.P.  Of the five thus selected, one was owned by an African

American and another was owned by a Hispanic.  All were general contractors. Plaintiffs, being a company which rendered services only in connection with fire and water damage, was not selected for participation in the D.P.R.P. because, according to the defendants, it was not a general contractor, and, as stated,  the vendors selected were all general contractors.

In granting the defendants' motion for summary judgment, the district court held that Harris, as a individual, did not have standing to pursue a §1981 claim and that such claims could only be pursued by SPI.  On that grounds, it entered summary judgment in favor of the defendants on Harris' claim.  Harris has not appealed that ruling.  The district court also ruled that a §1981 action is subject to a two-year Oklahoma statute of limitations, as opposed to a federal four-year limitation, and thus any claim based on acts occurring more than two years prior to the date this case was filed, i.e., July 9, 1997, this action having been filed on July 9, 1999, was barred by the two-year statute of limitations.

As to SPI's discriminatory referral claim, the district court held that under *Phelps v. Wichita Eagle-Beacon,* 886 F.2d 1262, 1267 (10th Cir. 1989), any acts of the defendants occurring between July 9, 1997, and December 1, 1999 (the date the D.P.R.P. was implemented), could not form the basis for an action under § 1981.  As to SPI's claim that the defendants violated § 1981 by failing to select SPI for the D.P.R.P. because it is a minority-owned company, and in retaliation for SPI instituting the present action against defendants, the district court held that SPI did not make a prima facie showing

that SPI was qualified for selection as an initial participant in the D.P.R.P., because it was not a general contractor, nor had it shown that the defendants' decision that only general contractors would participate in D.P.R.P., was pretextual.

On August 15, 2002, in *Harris v. All-State Insurance Co.,* 300 F.3d 1183 (10th Cir. 2002), which involved a suit quite similar to the present case, Harris and SPI brought suit against another insurance company. In that case, we held that the two-year state statute of limitations, and not the federal four-year statute of limitations, applied to SPI's §1981 claim. On appeal, counsel for SPI now agrees that *Harris* decides the question of whether the two-year state statute or the federal four-year statute applies, and does not now pursue that particular issue. As to SPI's discriminatory referral claim involving defendants' actions occurring between July 9, 1997, and December 1, 1999, counsel concedes that this matter is also resolved by *Harris*, *supra,* since in that case we held that under *Phelps, supra,* the defendants' similar actions in *Harris* did not violate § 1981. Hence, the only question that remains for present consideration is whether the defendants' actions in not placing SPI in its D.P.R.P. program were racially motivated or in retaliation, and thereby violated § 1981.

As stated, the district court entered summary judgment for the defendants on SPI's claim that the defendants violated § 1981 by failing to select SPI for the D.P.R.P. because it is minority-owned, and, alternatively, in retaliation against SPI because it had filed the present action charging discrimination. The district court concluded that SPI had not

sustained its burden on either matter. In this regard, we would note that of the five contractors initially selected for the D.P.R.P., two were minority owned, and all five selected were general contractors. In connection with SPI's claim of retaliation, the district court also concluded that SPI had not shown pretext. In our view, the district court correctly considered the evidentiary matter before it and we do not need to set forth here a detailed summary of that material. For example, we agree with the district court that the deposition and affidavit of Michelle Lashley, an employee of the defendants, are not of sufficient import, when viewed in context, to defeat the defendants' motion for summary judgment on SPI's claim of retaliation and pretext, and require a trial by jury on those matters, as is suggested by counsel. In sum, we are in accord with the district court's conclusion that there was no genuine issue of material fact and that summary judgment was appropriate.

Judgment affirmed.


SUBMITTED FOR THE COURT,


Robert H. McWilliams
Senior Circuit Judge